OPINION
This case presents a timely appeal from the decision of the Struthers Municipal Court granting judgment in favor of Appellee, David M. Vasvari, d.b.a. Vasco Electric, Inc. against Appellant, J.F. Piscitelli, Inc., in the amount of $5,000.00. Appellant contends that the judgment, obtained after a trial to the court, is against the manifest weight of the evidence. For the reasons that follow, this Court affirms the judgment of the Struthers Municipal Court.
On or about May 24, 1994, the parties in this case entered into a contract whereby Appellee was to serve as a subcontractor for Appellant and install three aerator pumps for a project involving the Struthers Waste Water Treatment Plant. (Answer and Amended Counter-Claim). The original terms of the contract called for Appellant to pay Appellee $14,417.91. (Findings of Fact and Conclusions of Law). The contract was later modified to reflect a total contract price of $23,250.00 of which Appellant paid $15,750.00. (Answer and Amended Counter-Claim).
After the pumps were installed, a problem with their performance developed. It was later learned that the pumps' wiring had become entangled in the pumps' impellers. (Findings of Fact and Conclusions of Law). Appellant allegedly requested that Appellee correct the problem but Appellee never responded. As a result, Appellant hired a third party to remove, rewire and reinstall the pumps at a cost of $5,802.80. (Answer and Amended Counter-Claim).
Shortly thereafter, Appellee filed suit against Appellant in Struthers Municipal Court alleging that Appellant owed $7,500.00 based on the terms of the original contract between them. (Complaint). In his Answer and Amended Counterclaim, Appellant alleged that Appellee failed to perform certain duties pursuant to the contract amounting to $3,420.00 in damages and also sought reimbursement for the $5,802.80 it spent in having the aerator pumps repaired and reinstalled. Subtracting these amounts from the contract price of $14,417.91, Appellant claimed he owed Appellee only $5,195.11. Consequently, Appellant maintained that his payment of $15,750.00 to Appellee resulted in an overpayment of $10,554.89. (Answer and Amended Counter-Claim).
After a trial to the court, the trial judge awarded Appellee $5,000.00 plus interest and cost. (Findings of Fact and Conclusions of Law). Appellant moved the court for findings of fact and conclusions of law which were issued on April 2, 1997. On April 25, 1997, Appellant filed his notice of appeal with this Court. As no party had requested a transcript of this civil matter be taken, Appellant submitted a proposed agreed statement of the record to Appellee. Appellee objected to significant portions of the proposal and the parties were unable to reach an agreement. The record reflects that Appellant has moved this Court on two separate occasions to supplement the record on appeal. Although neither of these motions were granted, this Court held the matter in abeyance until September 1, 1998 to allow Appellant the opportunity to secure an approved statement from the trial court. (Journal Entry, July 7, 1998). To date, the parties have been unable to reach an agreed statement of the record pursuant to rule.
In his sole assignment of error, Appellant argues:
 "THE TRIAL COURT ERRED IN THAT THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE."
Appellant correctly notes that if the judgment of a trial court is supported by some competent and credible evidence speaking to all of the essential elements of the case, the judgment will not be reversed by the court of appeals as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279. Appellant maintains that the decision of the trial court "clearly meets" this test and urges this Court to reverse its judgment.
This Court, however, is unable to evaluate the merits of Appellant's assignment of error as there is no transcript of the trial court proceedings, no statement of the evidence or proceedings and no agreed statement as the record on appeal. App.R. 9(B) provides that if the Appellant seeks to have a judgment overturned as being, ". . . contrary to the weight of the evidence, the Appellant shall include in the record a transcript of all evidence relevant to the findings or conclusions . . ." of the court.
The Ohio Rules of Appellate Procedure contemplates situations where a transcript may not be available to an Appellant and provides for several alternative vehicles to facilitate appellate review of a final judgment. App.R. 9(C) allows an Appellant to submit a, ". . . statement of the evidence or proceedings from the best available means, including Appellant's own recollection . . ." in the absence of a transcript. Additionally, App.R. 9(D) provides Appellants with the opportunity to submit an agreed statement of the case in lieu of a transcript. Appellant has availed himself of neither of these procedural alternatives.
Appellant's obligation to supply the reviewing court with a transcript or authorized alternative is not merely a procedural formality that may, in the court's discretion, be overlooked. As the Ohio Supreme Court noted:
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
Appellant maintains that the trial court's judgment is against the manifest weight of the evidence. The evidence Appellant relies upon for this argument consists primarily of the oral testimony of the parties and other witnesses. Pursuant to the dictates of App.R. 9 and the Supreme Court's decision in Knapp, there is no basis in the record on appeal on which this Court may evaluate the merits of that argument.
Accordingly, this Court presumes the validity of the trial court's decision and hereby affirms its judgment.
VUKOVICH, J., DONOFRIO, J., concurs.
 APPROVED: _______________________ CHERYL L. WAITE, JUDGE